24621. WALKER-DURANT MOTOR COMPANY *v.* STATE OF GEORGIA.

DECIDED MAY 17, 1935.

*Earle Norman,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

GUERRY, J. This is a condemnation proceeding brought by the solicitor-general for the condemnation of a described Ford truck. The truck was seized on March 15 by the deputy sheriff of Wilkes County in the City of Washington, Georgia, and contained at the time 56 cases of prohibited beverages. In the condemnation proceeding the Beverage Distributors Inc., were named as the operators and owners of the truck and it was stated that the same was being used by them in the conduct of their business of handling such prohibited beverages. The Walker-Durant Motor Company intervened in the proceeding and alleged that it was the sole owner of the truck, and that the use of the truck in such traffic was unknown to it. The evidence for the intervenor showed that the truck was sold by the intervenor, a Ford dealer, to the Claussen-Lawrence Construction Company, on March 8; that the transaction was to be a cash sale; that the truck so sold to Claussen-Lawrence Construction Company was to be equipped with "Helper springs" and oil cleanser. The truck as delivered on March 8 did not have this equipment, and when Mr. Claussen, representing the buyer, called the seller's attention to this fact he was told that the helper springs had to be ordered, and "I told him to go ahead and use it and we would close it when the springs came." When the springs came the truck had been seized. The Claussen-Lawrence Construction Company, paving contractors, were financially interested in the Beverage Distributors Inc., and turned the truck over to the Beverage Distributors Inc. to be used in the handling of prohibited beverages. The tag for the truck was ordered in the name of the Beverage Distributors Inc., by Mr. Claussen, on March 7. The Walker-Durant Company was not shown to have had any knowledge as to the purpose for which the truck was to be used. On March 17, two days after the seizure, the Walker-Durant Motor

Company delivered the extra parts originally contracted for, and the Claussen-Lawrence Construction Company executed a bill of sale on that date, but dated March 8, showing a retention of title to the truck in Walker-Durant Motor Company, and specifying $60.50 cash and deferred payments of $827.64, payable in 12 months. This bill of sale was recorded the same day. The jury found in favor of the condemnation.

The plaintiff in error insists that the sale of the car was a cash sale, and that inasmuch as the buyer had not paid for the same, no title passed, and inasmuch as it had no knowledge of the use to which the truck was put, its intervention should have been sustained, that at most it was an executory contract of sale which had not been completed at the time of the seizure of the truck, and the title was still in it. It is a well recognized principle of law that where there is a failure to comply with the terms of a cash sale no title passes to the buyer and the seller may bring trover to recover the property. *Sparkman* v. *Brown,* 42 *Ga. App.* 335 (156 S. E. 240). We do not think, under the terms of this sale as shown by the evidence, that the seller could have maintained an action in trover for its recovery. The evidence on the part of both buyer and seller was that the reason cash was not paid on March 8 was that the seller had not furnished all the parts he had agreed to furnish, and the delivery of the car pending payment was waived by the seller, and the buyer was told "to go ahead and use it" and pay for it when parts were furnished. This was certainly a waiver of the cash payment and an extension of credit, in that particular. When the parts were actually furnished to the buyer, two days after the seizure, the seller and the buyer arbitrarily rescinded any purported cash sale, and entered into a conditional-sale contract as of March 8. At this time the seller had notice and knowledge of the purpose for which the truck was being used, and, with such notice, entered into a contract of sale as of March 8. As is said by the able counsel for the plaintiff in error: "The seizure of the truck would not prevent the parties from completing their trade." They elected to abrogate the trade as a cash trade, for in that event the buyer would have paid over the purchase-money and then seen his truck sold under the seizure. They elected to say that on March 8 they entered into a conditional-sale agreement for the truck. That contract became binding as of the day of its date, although made at

a later time, at which time the seller had actual notice of the purpose for which the truck was being used. The court therefore did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*